FILED
1/9/2019 3:17 PM
Beverly Crumley
District Clerk
Hays County, Texas

19-0053

CAUSE NO. _____

| | | |
|---|---|---|
| SOMBOON WEITZEL, Individually and as Personal Representative of the Estate of Hulbert Frederick Weitzel, Jr., Deceased, and as Assignee of Rick Lynn Weitzel, Bruce Stephen Weitzel, Karen Ann Weitzel, Clive Jeffrey Weitzel, Travis Dale Weitzel, Debra Nong Weitzel, and Drew Frederick Weitzel, *Plaintiff,* | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| v. | | HAYS COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC., *Defendant.* | | 22nd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

To the Honorable Judge of Said Court:

COMES NOW *SOMBOON WEITZEL, Individually and as Personal Representative of the Estate of Hulbert Frederick Weitzel, Jr., Deceased, and as Assignee of Rick Lynn Weitzel, Bruce Stephen Weitzel, Karen Ann Weitzel, Clive Jeffrey Weitzel, Travis Dale Weitzel, Debra Nong Weitzel, and Drew Frederick Weitzel,* Plaintiff herein, and complains of and about Defendant HOME DEPOT U.S.A., INC., Defendant herein, and for cause of action would respectfully show unto this Court the following:

### I.

### DISCOVERY CONTROL PLAN – LEVEL THREE

1.    Plaintiff intends that discovery be conducted under Discovery Level 3.



## II.

### PARTIES AND SERVICE

2.      Plaintiff, SOMBOON WEITZEL, is an individual who resides in Hays Travis County, Texas and is the surviving spouse of Hulbert Frederick Weitzel, Jr., Deceased. By way of a family settlement agreement, Plaintiff is assignee of the claims of the children of Hulbert Frederick Weitzel, Jr., Deceased.

3.      Defendant HOME DEPOT U.S.A., INC., is a Delaware corporation authorized to do business in Texas, and whose registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## III.

### JURISDICTION, VENUE AND MAXIMUM DAMAGES

4.      Jurisdiction is proper in this Court because Plaintiff is a Texas resident, Defendant does business in Texas, and Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court.

5.      Venue in Hays County is proper in this cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Hays County, Texas.

6.      Pursuant to Rule 47(c)(5) of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over $1,000,000 and a demand for judgment for all the other relief to which Plaintiff deems herself justly entitled. Plaintiff reserves the right to amend this petition, including this provision, as the case continues.

PLAINTIFF'S ORIGINAL PETITION                                                              PAGE 2 OF 8
*Cause No.* _____

IV.

## FACTS

7.      On January 17, 2017, at or about 10:00 a.m., Hulbert Frederick Weitzel, Jr. ("Mr. Weitzel") was a customer/invitee at the Home Depo store located at 260 East Highway 290, Dripping Springs, Hays County, Texas which store is owned and/or controlled by HOME DEPOT. While Mr. Weitzel was in the Home Depot store, a light, misting rain began to fall. Despite the falling rain, there were no rugs or other floor covering and such omission allowed water to accumulate on the floor. Additionally, no warning signs were posted in the area to inform customers that the floor was wet.

8.      Further, the concrete was treated area with a paint-like substance that became extremely slippery when wet. As Mr. Weitzel passed through the doorway of the store, he slipped and fell due to water located on the floor. The slip and fall happened so abruptly it resulted in Mr. Weitzel falling hard onto the ground and causing Mr. Weitzel to suffer a subarachnoid hemorrhage and stroke, along with a broken wrist and numerous other personal injuries.

9.      Mr. Weitzel sought medical attention for his injuries sustained in the fall and was admitted to the hospital. Shortly after admission, Mr. Weitzel developed an infection at the site of the wound on his head and wrist, which injuries he sustained in the fall. As a result of the stroke and infection, Mr. Weitzel entered a comatose state on January 28, 2017, and died at the hospital January 30, 2017.

## V.

## NEGLIGENCE

10.    Owners and occupiers of property owe invitees the duty to exercise ordinary care to keep their premises in reasonably safe condition, inspect the premises to discover latent defects, and make safe any defects or give an adequate warning.   A defendant is negligent if the defendant failed to exercise ordinary care to protect plaintiff from danger, either by adequately warning Plaintiff of the condition or making that condition reasonably safe.

11.    The occurrence in question and Mr. Weitzel's resulting injuries and death and damages were proximately caused by the negligent conduct of HOME DEPOT and/or its employees and representatives pursuant to the theory of respondeat superior.   Plaintiff is seeking redress for the physical injuries and death Mr. Weitzel incurred as an invitee of HOME DEPOT, and as a consequence of HOME DEPOT'S negligent oversight of the safety of its invitees, and the negligent and unsafe conditions created by the water on the floor which posed a danger to its invitees, providing reasonable notice of the presence of one or more unsafe conditions on the premises. More specifically:

      i.    HOME DEPOT was in control of the premises on which Mr. Weitzel's injuries occurred because, at the time the injuries occurred, HOME DEPOT was the owner or lessor of the premises, and as such, had the exclusive right to control the property on which Mr. Weitzel was injured.

      ii.    Mr. Weitzel was a customer of the Home Depot store, at the time the injury occurred and was therefore an invitee on the premises, and as such, HOME DEPOT owed him a duty to exercise ordinary care to keep the premises in reasonably safe condition, and to make safe or give an adequate warning of any dangers.

      iii.    At the time of Mr. Weitzel's fall, there were no signs or other means of warning as to the dangerous and defective condition thereat.

iv.   At the time of Mr. Weitzel's fall, HOME DEPOT knew that a dangerous and defect condition existed and failed to provide Mr. Weitzel with any warning of such condition.

v.   Given the above facts, it is clear that the floor at Home Depot store was dangerous at the time of the incident, that adequate warning signs were absent and that the dangerous condition was in place for a period of time sufficient enough to have been corrected by HOME DEPOT, its agents, servants, employees, representatives and/or licensees, prior to the injuries suffered by Mr. Weitzel.

12.   Each of these acts and omissions, singularly or in combination with others, constituted negligence that proximately caused the occurrence in question and Mr. Weitzel's injuries and damages.

## VI.

## SURVIVAL ACTION

13.   Plaintiff Somboon Weitzel is the Personal Representative of the Estate of Hulbert Frederick Weitzel, Jr., Deceased.

14.   Mr. Weitzel had a cause of action for his personal injury to his person before he died, which he would have been entitled to bring if he had lived, as he was aware of impending death and suffered actual and conscious physical pain and mental anguish.

15.   HOME DEPOT'S negligence caused Mr. Weitzel's injuries and death, as specifically set forth above.

16.   Mr. Weitzel has suffered actual injuries, as set forth below and is entitled to actual damages for HOME DEPOT's negligence.

## VII.

## INJURIES AND DAMAGES

17.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Mr. Weitzel was caused to suffer personal injuries and death. Immediately following the fall,

and continuing thereafter, Mr. Weitzel experienced pain to his head, face, shoulder, elbow, lower arm and wrist, and other areas of his body. The incident caused Mr. Weitzel to seek medical treatment for his injuries, and thereafter, the stroke and infection ultimately lead to a coma, death, and incurrence of the following damages:

      i.     Reasonable and necessary medical care and expenses in the past;

      ii     Physical and mental pain and suffering, past;

      iii.    Mental and emotional anguish, past;

      iv.    Physical impairment, past;

      v.     Disfigurement, past; and

      vi.    Funeral and burial expenses.

18.    Also as a direct and proximate result of the incident made the basis of this lawsuit, Plaintiff Somboon Weitzel individually was caused to suffer personal injuries and to incur the following damages:

      i.     Loss of household services, past and future;

      ii.    Loss of companionship in the past as a result of the death of Hulbert Frederick Weitzel, Jr., her husband;

      iii.    Loss of companionship in the future as a result of the death of Hulbert Frederick Weitzel, Jr.; and

      iv.    Mental and emotional anguish, past and future.

19.    Also as a direct and proximate result of the incident made the basis of this lawsuit, Assignors Rick Lynn Weitzel, Bruce Stephen Weitzel, Karen Ann Weitzel, Clive Jeffrey Weitzel, Travis Dale Weitzel, Debra Nong Weitzel, and Drew Frederick Weitzel were caused to suffer personal injuries and to incur the following damages:

      i.     Loss of companionship in the past as a result of the death of Hulbert Frederick Weitzel, Jr.;

ii. Loss of companionship in the future as a result of the death of Hulbert Frederick Weitzel, Jr.; and

iii. Mental and emotional anguish, past and future.

## VIII.

## NOTICE REGARDING ELECTRONIC SERVICE

20. Notice is hereby given that Defendant's counsel accepts electronic service at eservice@travisweitzel.com. Defendant's counsel does not accept electronic service, whether via e-mail, e-filing, or any other electronic means, at any other e-mail address. Defendant's counsel does accept e-mail communications at travis@travisweitzel.com or through his paralegal.

## IX.

## RULE 193.7 NOTICE

21. Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff gives notice to Defendant that any and all documents and things produced by Defendant may be used at any pretrial proceeding and/or the trial of this case without the necessity of authenticating said documents and things.

## X.

## REQUEST FOR DISCLOSURE

22. Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, HOME DEPOT U.S.A., INC., is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## XI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer and that, on final trial, Plaintiff have the following:

a.    Judgment against Defendant, in a sum within the jurisdictional limits of this court;

b.    Pre-judgment and post-judgment interest as provided by law;

c.    Costs of suit; and

d.    Such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

TRAVIS WEITZEL LAW FIRM

By: _____
Travis D. Weitzel
State Bar No. 24058173
eservice@travisweitzel.com

400 Highway 290 West, Suite B-105
Dripping Springs, Texas 78620
(512) 649-2346
(512) 649-2356 FAX
**ATTORNEYS FOR PLAINTIFF**

CITATION
THE STATE OF TEXAS

CAUSE NO. 19-0053

STYLED: SAMBOON WEITZEL, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HULBERT FREDERICK WEITZEL, JR., DECEASED, AND AS ASSIGNEE OF RICK LYNN WEITZEL, BRUCE STEPHEN WEITZEL, KAREN ANN WEITZEL, CLIVE JEFFREY WEITZEL, TRAVIS DALE WEITZEL, DEBRA NONG WEITZEL, AND DREW FREDERICK WEITZEL VS. HOME DEPOT U.S.A., INC.

→TO:  HOME DEPOT U.S.A., INC., UPON WHOM PROCESS MAY BE HAD BY SERVING REGISTERED AGENT; CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH STREET SUITE, 620, AUSTIN, TX 78701

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION**, which was filed by the **PLAINTIFF,** in the above styled and numbered cause on the **9TH DAY OF JANUARY, 2019**, in the 22nd District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 11th day of January, 2019.

REQUESTED BY:
Travis Weitzel
Travis Weitzel Law Firm
400 Highway 290, West Ste B-105
Dripping Springs, TX 78620
512-649-2346

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

By: *Christina Cordero*
Christina Cordero, Deputy

## OFFICER'S RETURN

Came to hand on the ⟨11⟩ day of ⟨January⟩ 20 ⟨19⟩ at ⟨4:15⟩ o'clock ⟨P⟩ M and executed the ⟨14⟩ day of ⟨January⟩ 20 ⟨19⟩ by delivering to defendant ⟨Home Depot USA, Inc. By *⟩ in person, a true copy of this citation with a copy of the petition attached thereto on ⟨14⟩ day of ⟨January⟩ 20 ⟨19⟩ at ⟨12:01⟩ o'clock ⟨P⟩ M at ⟨211 East 7th Street, #620⟩ in ⟨Travis⟩ County, Texas. ⟨* Delivery to its Registered Agent, Corporation Service Company DBA CSC-Lawyers Incorporating Service Company, by delivery to Vanessa Hernandez⟩

[ ] Not executed. The diligence used in finding defendant being

[ ] Information received as to the whereabouts of defendant being

Service Fee:$_____

Sworn to and subscribed before me this the
____day of_____,____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY: ⟨S-2u4 (Ev 01/31/6)⟩

⟨Kevin Brumfield⟩
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

⟨Travis⟩_____County, Texas

**DEFENDANT'S COPY**